IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDWARD L. WIGGINS,

      Petitioner,

v.                                    Civil Action No. 3:07cv211

GENE M. JOHNSON,

      Respondent.

## MEMORANDUM OPINION

Petitioner Edward L. Wiggins, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Wiggins challenges his convictions for object sexual penetration and assault. Respondent filed a motion to dismiss and appropriate *Roseboro*[2] notice. Wiggins has responded and has filed a series of motions. The matter is ripe for disposition. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

1

## I.  Procedural History

**A.**     **State Court Proceedings and Direct Appeal**

After a trial in the Circuit Court of the City of Portsmouth ("Circuit Court"), a jury found Wiggins guilty of object sexual penetration and assault.  On November 15, 2004, the Circuit Court followed the jury's recommendation and sentenced Wiggins to six years of incarceration for object sexual penetration and twelve months for assault.

Wiggins, by his court-appointed attorney Von L. Piersall III, appealed his conviction to the Court of Appeals of Virginia on March 30, 2005, challenging the sufficiency of the evidence to sustain the conviction because the victim's testimony was not credible and the jury's verdicts were inconsistent.  On April 21, 2005, Wiggins, *pro se*, filed a second petition for appeal to the Court of Appeals.

Subsequently, on April 27, 2005, Piersall filed a motion to withdraw, representing that Wiggins no longer wanted Piersall to represent him and that Piersall had a conflict of interest because Wiggins had filed a complaint against him with the Virginia State Bar.  On May 25, 2005, the Court of Appeals granted Piersall's motion to withdraw and appointed Stephen K. Smith to represent Wiggins.  Despite being represented by counsel, Wiggins continued to file a series of "motions" and letters with the Court of Appeals.

On August 3, 2005, a single judge of the Court of Appeals refused Wiggins's petition for appeal.  This opinion did not address the "motions" or letters submitted by Wiggins.  On November 3, 2005, a three-judge panel denied Wiggins's petition for appeal.  The Supreme Court of Virginia refused Wiggins's appeal on May 19, 2006.

**B.    State Habeas Petition**

On October 10, 2006, Wiggins filed a state petition for a writ of habeas corpus. In that petition, Wiggins raised four (4) ineffective assistance of counsel claims. The Respondent in Wiggins's state habeas petition, the Director of the Virginia Department of Corrections, filed a Motion to Dismiss on November 27, 2006. Wiggins's claims in his state habeas petition are presented below:

> A(1).   The Commonwealth knowingly used perjured testimony to convict the petitioner.
>
> A(2).   The petitioner received ineffective assistance of counsel because defense counsel failed to use medical reports to impeach the victim's testimony.
>
> B.    The petitioner received ineffective assistance of counsel when defense counsel "'failed to interview, investigate or subpoena Ms. Brown, the nurse who attempted to conduct the examination on Ms. Mills, for the purpose of impeaching the veracity of Ms. Mills'[s] testimony.'"
>
> C.    The petitioner received ineffective assistance of counsel when defense counsel "'failed to object to the Commonwealth's introduction of Petitioner's prior criminal offenses, where it tended to divert the minds of the jurors from the issue before them.'"
>
> D.    The petitioner received ineffective assistance of counsel when defense counsel "'failed to show that Ms. Mills'[s] testimony was contrary to human experience or to usual human behavior.'"

(Br. Supp. Mot. Dismiss & Rule 5 Answer 2-3.) On March 23, 2007, the Supreme Court of Virginia granted the Respondent's motion and dismissed Wiggins's state habeas petition.

**C.    Federal Habeas Petition**

On April 12, 2007, Wiggins filed the instant petition for writ of habeas corpus. Wiggins raises the following claims:

3

| Claim 1A: | The Commonwealth knowingly used perjured testimony to obtain Wiggins's conviction. |
|---|---|
| Claim 1B: | Petitioner received ineffective assistance of counsel because defense counsel failed to object to the Commonwealth's knowing use of perjured testimony. |
| Claim 2: | Petitioner received ineffective assistance of counsel because defense counsel failed to interview, investigate or subpoena Nurse Brown for the purpose of impeaching Ms. Mills's testimony. |
| Claim 3: | Petitioner received ineffective assistance of counsel because defense counsel failed to object to the Commonwealth's introduction of Petitioner's prior criminal history "where it tended to divert the minds of the jurors from the issue before them." |
| Claim 4: | Petitioner received ineffective assistance of counsel because defense counsel failed to show that the victim's testimony was "contrary to human experience or to usual human behavior." |

## II. Summary of the Record

The Court of Appeals summarized the evidence as follows:

[O]n May 29, 2004, Heather Mills spent the day at [Wiggins's] apartment. During the afternoon, she briefly left the apartment to retrieve a lighter from her residence. When she returned to [Wiggins's] apartment to give him the lighter, he refused to let her leave. Mills explained [Wiggins] forced her to remove her clothing and then he pushed her onto his bed. Mills struggled against [Wiggins]. She explained [Wiggins] accused her of stealing cocaine from him and penetrated her vagina with his hand. During the struggle [Wiggins] bit her buttocks and bruised her back.

Mills collected her clothing and ran home. Cynthia Gravely, Mills' mother, testified Mills was visibly upset when she arrived at the house and informed her that [Wiggins] had attempted to rape her. Gravely observed Mills' injuries and contacted the police.

*Wiggins v. Commonwealth*, Record No. 2699-04-1, at 1-2 (Va. Ct. App. Apr. 19, 2006).

4

### III.  Standard of Review

This Court's power to grant relief by way of a writ of habeas corpus is circumscribed by

28 U.S.C. §§ 2254(d) and 2254(e)(1).  Under Section 2254(e)(1), "a determination of a factual

issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  A

petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing

evidence."  *Id.*  Under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus

based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1)   resulted in a decision that was contrary to, or involved an
>       unreasonable application of, clearly established Federal law,
>       as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable
>       determination of the facts in light of the evidence presented in
>       the State court proceeding.

28 U.S.C. § 2254(d).  The Supreme Court has emphasized that this standard places an additional

hurdle before federal habeas petitioners to demonstrate not only that the state court's decision

was erroneous or incorrect, but also that it was unreasonable.  *See Williams v. Taylor*, 529 U.S.

362, 412-13 (2000).

### IV.  Analysis

**A.     Exhaustion and Procedural Default**

"In the interest of giving state courts the first opportunity to consider alleged

constitutional errors occurring in a defendant's state trial and sentencing," a state prisoner must

exhaust all available state remedies before he can apply for federal habeas relief.  *Matthews v.*

*Evatt*, 105 F.3d 907, 910 (4th Cir. 1997); *see also* 28 U.S.C. § 2254(b)(1)(A) (barring the

granting of habeas corpus relief unless it appears that "the applicant has exhausted the remedies

available in the courts of the State"). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### 1.   Claim 1A

The Supreme Court of Virginia found that Wiggins's claim that the Commonwealth used perjured testimony by the victim to obtain Wiggins's conviction, Claim 1A, was barred under the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because it could have been raised at trial and on direct appeal. Order of the Supreme Court of Virginia (March 23, 2007), No. 062037, at 1. *Slayton* is an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997).

6

Wiggins contends that counsel's alleged deficient conduct set forth in Claim 1B constitutes cause sufficient to excuse his default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). For the reasons set forth *infra* Part IV.B, Wiggins's assertion of cause is rejected. Accordingly, Claim 1A is procedurally defaulted and will be dismissed.

### 2.    Wiggins's Motion To Amend Claim 2

On June 4, 2008, Wiggins filed an "Amendment to Ground 2 of Habeas Corpus." (Docket No. 39.) Wiggins seeks leave of Court to amend Claim 2 to state, "Defense counsel was ineffective for failing to interview available and readily [sic] to testify witnesses for Petitioner defense before trial." (Amendment to Ground 2 of Habeas Corpus 1.) Wiggins never fairly presented his amended version of Claim 2 to the Supreme Court of Virginia. If Wiggins were to present his claim of ineffective assistance of counsel for failing to interview "available" witnesses, it would be dismissed as successive pursuant to Virginia Code § 8.01-654(B)(2)[3] because he did not assert this ground in his state habeas petition. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996). Section 8.01-654(B)(2) constitutes an independent and adequate state procedural rule. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996). Therefore, the Court will DENY Wiggins's motion to amend as futile. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).

---

[3] Section 8.01-654(B)(2) of the Code of Virginia states:

> [A petition for a writ of habeas corpus] shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition. . . .

Va. Code § 8.01-654(B)(2).

**B.    Alleged Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are governed by the standard articulated by the

Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Wiggins must prove

that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

This Court's review of counsel's performance must be highly deferential, applying "a strong

presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." *Id.* at 689.  Second, Wiggins must show that counsel's deficient performance

actually prejudiced his defense to the extent that a reasonable probability exists that, "but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at

694.  "A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.*  "[A] court need not determine whether counsel's performance was deficient

before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."

*Id.* at 697.  In addition, "an allegation of inadequate investigation does not warrant habeas relief

absent a proffer of what favorable evidence or testimony would have been produced." *Beaver v.

Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996).

On March 23, 2007, the Supreme Court of Virginia granted Respondent's motion to

dismiss Wiggins's state habeas petition, considering the same claims that Wiggins now raises.  In

finding that Petitioner did not satisfy either the performance or prejudice prong of *Strickland* as

to Claim 1B, the Supreme Court of Virginia found that the record did not indicate that the

victim's testimony was perjured.  Order of the Supreme Court of Virginia (March 23, 2007),

No. 062037, at 2.  As to Claim 2, the Supreme Court of Virginia determined that Wiggins failed

to proffer evidence that Ms. Brown was the pertinent health care official who attempted to

8

examine the victim, and failed to proffer an affidavit as to what Ms. Brown's testimony would have been. *Id.* at 3. As to Claim 3, the Supreme Court of Virginia ruled that because Wiggins had testified at trial, the Commonwealth was free to use the fact of Wiggins's previous felony convictions as impeachment evidence. *Id.* Also, Wiggins's counsel successfully objected when the prosecutor sought to introduce testimony relating to the underlying facts of those convictions. *Id.* Regarding Claim 4, the Supreme Court of Virginia found that the record, including proffered medical reports and the trial transcript, demonstrated that the victim's behavior was in fact not contrary to human experience. *Id.* at 4. Therefore, the Supreme Court of Virginia found that Wiggins failed to satisfy either the "performance" or the "prejudice" prong from *Strickland* as to each claim, ruling that "petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different." Order of the Supreme Court of Virginia (March 23, 2007), No. 062037, at 2-3.

The Court finds that the Supreme Court of Virginia's findings were not contrary to or an unreasonable application of law, nor did those findings involve an unreasonable finding of fact. Therefore, Wiggins's ineffective assistance of counsel claims fail. Accordingly, the Court shall DISMISS Claims 1B, 2, 3, and 4.

**C.     Wiggins's Motions for Evidentiary Hearing and for Counsel**

For the reasons stated above, all of Wiggins's claims fail. Therefore, Wiggins's "Motion for Evidentiary Hearing" (Docket No. 35) and "Motion for Appointment of Counsel" (Docket No. 36) shall be DENIED AS MOOT. Also, because the Court will grant Respondent's Motion

9

to Dismiss, the Court shall DENY Wiggins's "Motion to Reject Respondent['s] Motion to Dismiss." (Docket No. 37.)

## V.  Conclusion

The Court shall GRANT Respondent's Motion to Dismiss (Docket No. 29) and DENY Wiggins's "Motion to Reject Respondent [sic] Motion to Dismiss"  (Docket No. 37).  In addition, the Court shall DENY AS FUTILE Wiggins's "Amendment to Ground 2 of Habeas Corpus" (Docket No. 39) and shall DENY Wiggins's "Motion for Evidentiary Hearing" (Docket No. 35) and "Motion for Appointment of Counsel"  (Docket No. 36).  Wiggins's Petition will be DISMISSED.

An appropriate Order shall issue.

_____/s/_____

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date:  1/29/09

10